## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CAROL SAMAROV | PLAINTIFF |
| v. | CAUSE NO. 1:20-CV-224-SA-RP |
| BEST BUY STORES, L.P. | DEFENDANT |

## COMPLAINT

COMES NOW the Plaintiff, Carol Samarov, and file this, her *Complaint* and in support thereof would respectfully show unto the Court the following:

1. That Plaintiff is an adult resident citizen of Lee County, Mississippi, and has been for more than six (6) months preceding the commencement of this cause of action;

2. That Defendant, Best Buy Stores, L.P., is a foreign corporation which is registered with the Mississippi Secretary of State's office to do business in Mississippi. Best Buy Stores, L.P. may be served through service upon its Registered Agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232;

3. That all incidents described herein took place in Lee County, Mississippi;

4. That the United States District Court for the Northern District of Mississippi is the proper venue for this cause of action. That the United States District Court for the Northern District of Mississippi has personal jurisdiction and subject matter jurisdiction over this cause of action as it pertains to a federal law, namely the Americans with Disabilities Act, and Defendant operates stores within the Northern District of Mississippi;

5. That the United States District Court for the Northern District of Mississippi has jurisdiction over this cause of action as it pertains to citizens of two different states and more than $75,000 is in controversy in this cause of action;

6. That Defendant is an operator of retail businesses which are generally open to the public and are therefore a public accommodation under Title III of the Americans with Disabilities Act;

7. That all acts described herein were undertaken by employees or associates of Defendant herein, while acting on behalf of the Defendant and therefore Defendant is liable for such actions under the doctrine of respondeat superior;

8. That Defendant is a retail operator of electronics stores. Defendant's stores are open to the public. On July 24, 2020, Plaintiff was attempting to enter Defendant's store in Tupelo, Mississippi when the incident herein occurred;

9. That Plaintiff is a disabled veteran whose disability requires the use of a service dog;

10. That due to Plaintiff's disability, she does not put a leash, vest or other restraint on her service dog while in public. It is necessary for Plaintiff's service dog to be free to notify another human should Plaintiff experience a panic attack while in public. At all times, Plaintiff controls her service dog through voice, signal or other effective controls. The service dog is also housebroken;

11. That in so acting, Plaintiff has complied with the revised regulations adopted under the Americans with Disabilities Act as it pertains to service animals under Title III of the Americans with Disabilities Act;

12. That on July 24, 2020, Plaintiff entered one of Defendant's stores in the Tupelo, Lee County, Mississippi area as a member of the public for the proper purpose of making a purchase of electronics and was harassed regarding her service animal;

13. That Plaintiff was never able to enter the store. Before she could even get through the door, another customer began to accost her about her service dog. Plaintiff was immediately surrounded by employees, customers and the individual that initiated the incident. Plaintiff was yelled at, cursed at and generally harassed. Employees of the store yelled at the Plaintiff. The manager of the store approached the Plaintiff and asked how he could help. Plaintiff asked the manager to remove the individual who initiated the incident to leave, this individual was already leaving. The manager of the store refused to remove the individual, who was already leaving the store, to leave. No effort to diffuse the situation was made by the management of the store. The management of the store instead called the police as several individuals in the store requested that the police be called.

14. That Defendant by and through its store associates and store management, has violated Plaintiff's rights under the Americans with Disabilities Act;

15. That, not only have Plaintiff's rights been violated, but she was harassed, illegally threatened with arrest and humiliated by Defendant's associates and employees. Furthermore, rather than taking simple actions to diffuse the situation, Defendant's management called law enforcement when all Plaintiff wanted to do was peacefully shop;

16. That under Title III of the Americans with Disabilities Act, (CFR 36.302 (a)), "A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages,

or accommodations to individuals with disabilities." That Defendant has failed to reasonably modify its policies, practices or procedures to afford Plaintiff with goods, services, facilities, privileges, advantages or accommodations to Plaintiff;

17. That Title III of the Americans with Disabilities Act (CFR 36.30 (c)) deals with matters of service animals. Pursuant to section (c)(1), a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability. That Defendant has repeatedly refused, in the name of its policies, practices and procedures, to permit Plaintiff to use her properly trained and controlled service dog without harassment by employees or customers;

18. That as a result of these actions taken by the Defendant and its employees, associates and agents, Plaintiff has not only had her rights under the Americans with Disabilities Act violated, she has been humiliated and suffered mental and emotional damages;

19. That as a result of these actions taken by Defendant and its employees, associates and agents, Plaintiff, who is a disabled veteran with a diagnosis of post-traumatic stress disorder, has suffered years of mental and emotional damages, has required counseling and has seen her symptoms of post-traumatic stress disorder worsen;

20. That Plaintiff requests $1,000,000 in actual damages for each violation or the maximum amount permitted under the Americans with Disabilities Act;

21. That Plaintiff would show unto the Court that the acts and omissions of the Defendant, its employees, associates and agents were outrageous and/or undertaken with reckless indifference to the rights of the Plaintiff;

22. That Defendant has failed to train its employees to handle this situation;

23. That Plaintiff requests punitive damages for acts in violation of the Americans with Disabilities Act as a result of Defendant's deliberate indifference to the manner in which she is treated by its employees, store managers or other agents;

24. That Plaintiff requests that Defendant be ordered to pay all costs of court in this matter; and

25. That Plaintiff requests that Defendant be ordered to pay prejudgment interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court would award unto her the following relief:

1. Actual damages in the amount of $1,000,000 for each instance of the tort of false imprisonment and each violation of the or the maximum amount permitted under the Americans with Disabilities Act;

2. Punitive damages in the amount of $1,000,000 for acts in violation of the Americans with Disabilities act or the maximum amount permitted under the Americans with Disabilities Act;

3. All costs of this action;

4. That Defendant requests repayment for her soda that she left in the store and was not permitted to retrieve by the police;

5. Prejudgment Interest; and

6. All other relief which the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the  5  day of ~~October~~ Nov, 2020.

Carol Samarov, Plaintiff

_____
211 N. Madison Street
Tupelo, MS 38804
662-491-1197

**STATE OF MISSISSIPPI**
**COUNTY OF** _____

Personally appeared before me, the undersigned authority in and for said county and state, the within named Carol Samarov who states on her oath that the information contained in the *Complaint is* true and correct as therein stated.

_____
**CAROL SAMAROV**

Given under my hand and seal on this, the _____ day of October, 2020.

_____
Notary Public

-7-