IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CAROL SAMAROV                                                                                   PLAINTIFF

V.                                                           CIVIL ACTION NO.: 1:20-CV-224-SA-DAS

BEST BUY STORES, L.P.                                                                         DEFENDANT

ORDER

Carol Samarov, proceeding *pro se*, filed this action on November 5, 2020, alleging federal question and diversity jurisdiction.[1] On December 29, 2020, the Defendant filed its Answer [7]. On June 22, 2021, the Defendant filed a Motion [18] to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff has not responded to the Motion [18] and the time to do so has passed.[2]

---

[1] The Plaintiff asserts that the Defendant "is a foreign corporation which is registered with the Mississippi Secretary of State's office to do business in Mississippi." [1] at p. 1. The Court notes that such an assertion is not a proper allegation of the Defendant's citizenship as a corporation may be domiciled in two states: its state of incorporation and the state in which it has its principal place of business. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing 28 U.S.C. § 1332(c)) ("[A] corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.") The Plaintiff does not provide the location of either the Defendant's state of incorporation or its principal place of business. As a result, the Plaintiff has not sufficiently alleged the Defendant's citizenship. Likewise, the Defendant has not sufficiently alleged its citizenship. Specifically, in its Answer [7], the Defendant stated that "Best Buy Stores, L.P., is a Virginia limited partnership, with one general partner, BBC Property Co., and one limited partner, BBC Investment Co., both of which are wholly-owned subsidiaries of Best Buy Co., Inc." [7] at p. 2. A limited partnership is a citizen of the states in which its partners are citizens. *See Trafigura AG v. Enterprise Products Operating LLC*, 995 F.Supp.2d 641, 646 (S.D. Tex. 2014) ("The citizenship of all unincorporated entities, including master limited partnerships, is determined by the citizenship of each of its underlying members, not by its state of organization and the state in which its principal place of business is located."). Here, the Defendant has not expounded on the citizenship of its partners. As a result, the Defendant has not sufficiently alleged its citizenship. Nonetheless, this Court will consider the Motion [18] before it as the Plaintiff alleges federal question jurisdiction.

[2] Pursuant to the Local Rules, "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U. Civ. R. 7(b)(3)(E). Here, the Defendant's Motion [18] is dispositive. As a result, the Court will consider the merits of the Defendant's argument.

*Factual and Procedural Background*

The Plaintiff asserts that she is a disabled veteran suffering from post-traumatic stress disorder. She asserts that, as a result of her disability, she is required to use a service dog. She does not restrain her dog by leash or any other means so as to allow her dog to alert other people should the Plaintiff have a panic attack in public. Instead, the Plaintiff asserts that she uses voice commands, signals, or other controls to direct her dog. She also alleges that she has complied with the service animal requirements under Title III of the Americans with Disabilities Act.

The Plaintiff further asserts that "on July 24, 2020, Plaintiff entered one of Defendant's stores in the Tupelo, Lee County, Mississippi area as a member of the public for the proper purpose of making a purchase of electronics and was harassed regarding her service animal." [1] at p. 3. She recalls her visit to the store as follows:

> The Plaintiff was never able to enter the store. Before she could even get through the door, another customer began to accost her about her service dog. Plaintiff was immediately surrounded by employees, customers and the individual that initiated the incident. Plaintiff was yelled at, cursed at and generally harassed. Employees of the store yelled at the Plaintiff. The manager of the store approached the Plaintiff and asked how he could help. Plaintiff asked the manager to remove the individual who initiated the incident to leave, this individual was already leaving. The manager of the store refused to remove the individual, who was already leaving the store, to leave. No effort to diffuse the situation was made by the management of the store. The management of the store instead called the police as several individuals in the store requested that the police be called.

*Id*.

Additionally, the Plaintiff states that the Defendant has refused on multiple occasions, because of its procedures, policies, and practices, to allow her to use her dog without being harassed. Similarly, the Plaintiff asserts that she was "harassed, illegally threatened with arrest and humiliated by Defendant's associates and employees. Furthermore, rather than taking simple

2

actions to diffuse the situation, Defendant's management called law enforcement when all Plaintiff wanted to do was peacefully shop[.]" *Id*. Ultimately, the Plaintiff alleges that the Defendant violated her rights under the Americans with Disabilities Act. She also requests actual damages for false imprisonment in addition to her ADA claim.

*Dismissal Standard*

"When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff." *Runnels v. Banks*, 2012 WL 2839802, at *1 (S.D. Miss. July 10, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To be plausible, the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

The Fifth Circuit has directed that *pro se* litigants should be held to a less stringent standard than practicing attorneys. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (internal citations omitted) ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Laurel Municipal Democratic Executive Committee v. Democratic Executive Committee*, 2006 WL 2925246, at *1 (S.D. Miss. Oct. 11, 2006) (quoting *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (internal citation omitted)).

*Analysis*

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Defendant argues that the Plaintiff's claims should be dismissed for three reasons:

> Plaintiff seeks monetary relief only, which is a remedy unavailable to her under Title III of the Americans with Disabilities Act ("ADA");
>
> Plaintiff fails to demonstrate that she has a qualified disability under the ADA, that her dog qualifies as a service animal, and that her dog is eligible for an exemption from the leash or harness requirement; and
>
> Plaintiff failed to request a reasonable accommodation from Best Buy before filing suit and has failed to state a claim for discrimination.

[18] at p. 1.

*I. Monetary Relief*

In her Complaint [1], the Plaintiff requests $1,000,000 in actual damages for "each violation of the or the (sic) maximum amount permitted under the Americans with Disabilities Act[.]" [1] at p. 5. The Plaintiff also seeks punitive damages "for acts in violation of the Americans with Disabilities [A]ct . . ." *Id*.

"Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief." *Perez v. Doctors Hospital at Renaissance, Ltd.*, 624 Fed. Appx. 180, 183 (5th Cir. 2015) (citing 42 U.S.C. § 12188(a); *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)). As such, seeing as the Plaintiff only seeks monetary relief, she has not sufficiently alleged claims under the ADA. *See Capnord v. Fred's*, 2017 WL 4448228, at *3 (N.D. Miss. Oct. 5, 2017) ("[B]ecause [the plaintiff] seeks only monetary damages, his claims must fail and [the defendant's] motion for summary judgment must be granted."). Therefore, the Defendant's Motion [18] as to the Plaintiff's ADA claims is GRANTED. As a result, the Court need not further address the Defendant's remaining arguments pertaining to the Plaintiff's ADA claims.

## II. False Imprisonment

The Court notes that the Plaintiff also requests $1,000,000 in actual damages "for each instance of the tort of false imprisonment . . ." [1] at p. 5. In order to establish a false imprisonment claim under Mississippi law, "the plaintiff must prove that she was: (1) detained and (2) that such detainment was unlawful." *Mayweather v. Isle of Capri Casino, Inc.*, 996 So.2d 136, 140 (Miss. Ct. App. 2008) (citing *Whitten v. Cox*, 799 So.2d 1, 9 (Miss. 2000) (internal citation omitted)). In her Complaint [1], the Plaintiff only uses the phrase "false imprisonment" once—in her prayer for relief. This Court sees this statement as no more than a label, and without more, such an assertion is insufficient to rise above the speculative level, even with the leniency afforded to *pro se* plaintiffs. *See Twombly*, 550 U.S. at 555, 127 S. Ct. 1955 (internal citations omitted); s*ee also Chhim*, 836 F.3d at 469 (internal citations omitted) ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual

5

allegations that raise the right to relief above the speculative level."). Therefore, to the extent the Plaintiff has asserted a claim for the tort of false imprisonment, such claim is DISMISSED.

*Conclusion*

For the reasons stated above, the Defendant's Motion [18] to Dismiss is GRANTED, and the Plaintiff's claims are dismissed *with prejudice*. A Judgment consistent with this Order will be entered this day.

SO ORDERED, this the 17th day of November, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE